NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DEL CARMEN PEREZ DE ASCENSIO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   19-71931

Agency No. A205-061-478

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 29, 2022[**]
San Francisco, California

Before:  GRABER and OWENS, Circuit Judges, and BAKER,[***] International Trade Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Maria del Carmen Perez de Ascensio ("Perez"), a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal of an Immigration Judge's ("IJ") decision denying her application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. As the parties are familiar with the facts, we do not recount them here. We deny the petition.

"Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075-76 (9th Cir. 2020). Factual determinations are reviewed for substantial evidence and "should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (citation and internal quotation marks omitted).

1. Substantial evidence supports the BIA's determination that Perez did not establish the elements of the CAT claim. To succeed on a CAT claim, Perez must show that she is more likely than not to experience torture if returned to El Salvador and that the torture will occur with the acquiescence of a public official. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).

Perez argues that if returned to El Salvador, she would more likely than not be tortured by Adelmo Morales (the person who smuggled her to the United States) or other members of the Mara 18 gang. However, neither Perez nor her family

have previously been harmed by gang members. Before leaving El Salvador, Perez feared gang violence but neither she nor her family were specifically targeted by gang members. On the journey from El Salvador to the United States, Morales threatened Perez, but none of the threats were carried out. After Perez arrived in the United States, Morales and gang members threatened her mother and her daughter, but once again, none of the threats were carried out. Further, Perez merely speculates that Morales will be able to use his gang connections to find her even if she moved to a different part of El Salvador. Therefore, we are not *compelled* to overturn the BIA's finding that Perez failed to establish that she would more likely than not be tortured if she returned to El Salvador.

In addition, while the record shows that gang violence is a significant issue in El Salvador, substantial evidence supports the BIA's determination that Perez did not establish that the violence occurs with the acquiescence of public officials. There is no evidence in the record of police officers' acquiescing to torture by gang members. In fact, the record suggests that the police are working to prevent gang activity, albeit largely unsuccessfully.

2. The BIA did not err by failing to consider the report on *El Salvador: Background and U.S. Relations* from the Congressional Research Service, which Perez submitted for the first time on appeal to the BIA as additional support for her CAT claim. The BIA is not required to take into consideration new arguments or

3

evidence raised for the first time on appeal. *Honcharov v. Barr*, 924 F.3d 1293, 1296-97 (9th Cir. 2019) (per curiam).

Furthermore, the BIA correctly determined that the inclusion of the country report did not warrant a remand to the IJ. A motion to reopen proceedings is not granted unless the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). That is not the case here. Perez has not shown that the country report was unavailable prior to her hearing before the IJ.

3. While the BIA incorrectly placed the burden on Perez to show that she could not relocate within El Salvador, *Maldonado v. Lynch*, 786 F.3d 1155, 1163-64 (9th Cir. 2015) (en banc), the error does not require remand because relocation was not dispositive. Perez incorrectly argues that the BIA denied her petition "solely" on the basis that she could safely relocate within El Salvador. The BIA considered the possibility of relocation as one of several grounds, as is permitted under 8 C.F.R. § 1208.16(c)(3). While the BIA should not have placed the burden of proof on Perez for potential relocation, because the denial of CAT protection also rested on other grounds, it does not require us to grant the petition.

**PETITION DENIED.**

4